# EXHIBIT 5

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

125 Broad Street
New York, New York 10004-2498

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

October 1, 2025

Via FedEx

Heather Davis, Esq.,
    Chief Clerk and Legal Counsel to the Court,
    New York Court of Appeals,
        20 Eagle Street,
            Albany, NY 12207.

        Re: *People by James* v. *Trump*,
            APL-2025-00171

Dear Ms. Davis:

    On behalf of Appellants, which include President Donald J. Trump, Donald Trump Jr., Eric Trump, and related entities,[1] I respond to the Court's letter, dated September 17, requesting Appellants' position on whether Appellants' appeals and the Attorney General's cross-appeal lie as of right under CPLR 5601(a) and/or 5601(b)(1).

---

[1] The related entities consist of The Donald J. Trump Revocable Trust, The Trump Organization, Inc., Trump Organization LLC, DJT Holdings LLC, DJT Holdings Managing Member, Trump Endeavor 12 LLC, 401 North Wabash Venture LLC, Trump Old Post Office LLC, 40 Wall Street LLC, and Seven Springs LLC.

RECEIVED BY MAIL/HAND
NYS OFFICE OF THE ATTORNEY GENERAL
OCT 2 2025
DIV OF APPEALS & OPINIONS NYC

-1-

Appellants' appeals lie as of right under CPLR 5601(a). As explained below, three Justices of the Appellate Division, First Department, dissented on questions of law in Appellants' favor. In fact, the only reason that any portion of Supreme Court's order was affirmed was because two Justices, who in substance dissented, voted to affirm only to ensure a majority vote for the decretal. Appellants' appeals also lie as of right under CPLR 5601(b)(1), because the Appellate Division's affirmance in part of Supreme Court's judgment rejected Appellants' arguments on substantial constitutional questions involving the New York Constitution's separation of powers, and the First and Fourteenth Amendments and the Takings, Commerce, and Due Process Clauses of the U.S. Constitution.

In contrast, the Attorney General's cross-appeal does not lie as of right under CPLR 5601(a). All five Justices of the Appellate Division, including the Presiding Justice, voted to reverse Supreme Court's civil penalty of disgorgement of profits, which was the only portion of its judgment that was vacated. Not one Justice dissented in the Attorney General's favor on reversal. Nor has the Attorney General established her right to cross-appeal under CPLR 5601(b)(1), as her Preliminary Appeal Statement did not reference or identify any substantial constitutional question that she wishes to appeal. The Court should dismiss the Attorney General's cross-appeal.

## BACKGROUND

This case has a complex procedural history. Only the portions of it that are directly relevant to this Court's jurisdictional question are summarized below.

On September 21, 2022, the Attorney General brought a civil enforcement action against Appellants in Supreme Court, New York County, seeking, among other things, to ban Appellants' conduct of any lawful business in New York by canceling Appellants' business certificates, and to obtain a civil penalty labeled "disgorgement." Appeal No. 2023-04925, NYSCEF Doc. No. 41 (Appendix Vol. 2) at A441-662. The Complaint wrongly alleged that Appellants inflated the value of various real estate assets in statements to lenders and insurance companies in order to obtain more favorable interest rates and terms. *Id.* at A448-449.

The Complaint included seven causes of action. The first cause of action was a standalone claim under Executive Law § 63(12). *Id.* at A645-648. The second through seventh causes of action raised claims under Executive Law § 63(12) based on alleged violations of the New York Penal Law. *Id.* at A649-659. Supreme Court denied motions to dismiss the Complaint, but, on interlocutory appeal, the First Department ordered dismissal of claims on certain transactions barred by the statute of limitations. *People by James v. Trump*, 217 A.D.3d 609 (1st Dept. 2023).

As explained below, Supreme Court did not faithfully follow that order of dismissal from the First Department.

On August 30, 2023, the Attorney General moved for partial summary judgment on liability on the first cause of action. A1811-12726. On September 26, 2023, Supreme Court, in error, granted the Attorney General's motion. NYSCEF Doc. No. 40 (Appendix Vol. 1) at A23-58. At the same time, Supreme Court held that the second through seventh causes of action and the "amount of disgorgement of profits to which [the Attorney General] is entitled" required a trial. *Id.* at A57.

On February 16, 2024, following a bench trial, Supreme Court erroneously found Appellants liable on the second through seventh causes of action, awarding to the Attorney General a disgorgement penalty and prejudgment interest, and imposing injunctive relief, including extending a court-appointed monitorship, industry bans, and bars on obtaining loans from New York chartered or registered financial institutions. *Id.* at A61-A153. On February 23, 2024, Supreme Court issued its final judgment, which included a disgorgement penalty of $464,576,230.62, with interest continuing to accrue. *Id.* at A156-A164.

On August 21, 2025, the First Department issued its judgment ("Judgment") modifying the summary judgment decision and Supreme Court's final judgment, "on the law, to vacate the disgorgement awards in their entirety," and otherwise affirming. Appeal No. 2023-04925, NYSCEF Doc. No. 188.

Extraordinarily, the First Department's Judgment includes no majority opinion. Rather, it consists of (1) a concurring opinion by Justice Peter H. Moulton, joined by Presiding Justice Dianne T. Renwick; (2) an opinion concurring in part and dissenting in part by Justice John R. Higgitt, joined by Justice Llinét M. Rosado; and (3) an opinion concurring in part and dissenting in part by Justice David Friedman.

**Justices Moulton/Renwick's Opinion**

In their 126-page opinion, Justice Moulton and Presiding Justice Renwick ruled that the Attorney General acted within her lawful power in bringing suit, and that Supreme Court correctly found Appellants liable and awarded injunctive relief. They voted, however, to vacate the disgorgement penalty in its entirety, because the Attorney General "did not carry her initial burden" to establish "a reasonable approximation of profits causally connected" to Appellants' alleged violations. *Id.* at 120-21.

**Justices Higgitt/Rosado's Opinion**

In their 93-page opinion, Justices Higgitt and Rosado explained that they would have vacated Supreme Court's decision in total and remanded for a new trial, except they would have reversed on certain claims that were time-barred, because Supreme Court did not follow the First Department's earlier decision on the statute of limitations. *Id.* at 127. Nonetheless, "after much consideration, with great reluctance and with acknowledgement of the incongruity of the act," Justices Higgitt

and Rosado "join[ed] the decretal modifying the judgment to the extent of vacating the disgorgement and sanctions awards." *Id*. at 142 n.2. They specifically explained that "joining the decretal effectuate[d] the core point of agreement among the members of this panel: that the judgment, as entered by Supreme Court, cannot stand," and that "[t]he parties must have a decision on this matter, and concomitantly, the option of further review of this matter by the Court of Appeals." *Id*. at 142-43 n.2.

**Justice Friedman's Opinion**

In his 102-page opinion, Justice Friedman opined that he would reverse Supreme Court's judgment and dismiss the Complaint in its entirety because the Attorney General did not act within the lawful scope of her power under Section 63(12), and that she "simply failed to prove her case." *Id*. at 224. Thus, while he concurred in vacating the disgorgement penalty, he dissented insofar as the decretal affirmed the judgment as to liability and injunctive relief. *Id*. Accordingly, all five Justices voted to vacate the disgorgement penalty.

**This Appeal**

On August 26, 2025, Appellants timely filed notices of appeal from the First Department's Judgment. Index No. 452564/2022, NYSCEF Doc. Nos. 1806-1809. Appellants filed their Preliminary Appeal Statement on September 5, 2025. Appellants identified CPLR 5601(a) (dissents on the law at the Appellate Division)

and 5601(b)(1) (constitutional grounds) as the jurisdictional bases for their appeal as of right, specifically noting that they proposed to raise constitutional issues regarding Executive Law § 63(12).

On September 4, 2025, the Attorney General filed her notice of cross-appeal. *Id.*, NYSCEF Doc. No. 1810. On September 12, 2025, the Attorney General filed her Preliminary Appeal Statement, indicating that the purported jurisdictional bases for her appeal were also CPLR 5601(a), which does not apply because there were no dissents on vacating the disgorgement penalty, and 5601(b)(1), for which she gave no justification or identification of issue. Rather, she identified the proposed issue to be raised on appeal as follows, without further explication: "The Appellate Division erred in vacating the part of Supreme Court's judgment requiring defendants to disgorge the ill-gotten profits of their fraudulent and illegal scheme." *Id.*

## APPELLANTS' APPEALS DO LIE AS OF RIGHT.

### 1. CPLR 5601(a)

Appellants have an appeal as of right under CPLR 5601(a). An order is appealable as of right to the Court of Appeals "where there is a dissent by at least two justices on a question of law in favor of the party taking such appeal." CPLR 5601(a). "[I]n order to be given the effect of a 'dissent' within the purview of CPLR 5601(a), the position taken by the minority Justices must be such as to call for a

change in the disposition made by the majority Justices." Arthur Karger, The Powers of the New York Court of Appeals § 6:4 (2025). The purpose of CPLR 5601 is to "confine appeals as of right to situations where disagreement in the courts below would indicate the existence of debatable issues of law that would be reviewable by the Court of Appeals." *Christovao* v. *Unisul-Uniao de Coop. Transf. de Tomate Do Sul Do Tejo, S.C.R.L.*, 41 N.Y.2d 338, 339 (1977).

Accordingly, this Court views the statutory dissent requirement "in a practical, not literal, sense." *Id.* Unlike Appellants here, in *Christovao*, the plaintiff had no appeal as of right pursuant to CPLR 5601(a) because all of the Justices below voted to dismiss the complaint, even though two of the Justices disagreed with one of the bases for the majority's disposition and the form of the Appellate Division's order. *Id.* ("[I]t cannot be said that a technical dissent, substantively closer to a concurrence, should generate an appeal as of right.").

Here, three Justices of the First Department emphatically stated they would vote to either vacate or reverse the trial court's determinations of liability and injunctive relief. Those are three dissents. Justices Higgitt and Rosado voted to affirm the trial court's order on liability and injunctive relief solely to provide a majority on the decretal. In substance, Justices Higgitt and Rosado dissented in Appellants' favor:

> Notwithstanding our analysis . . . that vacatur of the judgment and a new trial is the appropriate resolution, Justice Rosado and I, after much

consideration, with great reluctance and with acknowledgement of the incongruity of the act, join the decretal modifying the judgment to the extent of vacating the disgorgement and sanctions awards. *Under the truly extraordinary circumstances here, where none of the writings enjoys the support of a majority, we are moved to take this action to permit this panel to arrive at a decision and to permit the parties and the Court to avoid the necessity of reargument* (*see* Judiciary Law § 82).

Judgment at 142 n.2 (emphasis added).

Thus, in keeping with *Christovao*'s practical approach, this Court must consider Justices Higgitt and Rosado's opinion as a dissent because the Justices themselves expressly stated that they did not agree with the decretal beyond vacatur of the disgorgement penalty. Justices Higgitt and Rosado plainly dissented in Appellants' favor, and Justice Friedman's dissent, which would have dismissed the Attorney General's Complaint entirely, is obviously also in Appellants' favor.

An appeal as of right here would also advance the fundamental purpose of CPLR 5601(a): to bring these disputed legal questions to this Court's attention. The complexity of the opinions makes it clear that this clearly a "situation[] where disagreement in the courts below would indicate the existence of debatable issues of law that would be reviewable by the Court of Appeals." *Christovao*, 41 N.Y.2d at 339.

### 2. CPLR 5601(b)(1)

Appellants also have an appeal as of right under CPLR 5601(b)(1) because these appeals are "from an order of the appellate division which finally determine[d] an action where there is directly involved the construction of the constitution of the state or of the United States." Direct involvement requires that the issue have been "decisive of the Appellate Division's determination." *Henry v. N.J. Transit Corp.*, 39 N.Y.3d 361, 373 (2023) (internal quotation marks omitted) (quoting Karger, *supra*, § 7:8).

Appellants raised multiple constitutional arguments below, including, without limitation, selective prosecution, prosecution for alleged falsity alone (without any improper intent), prosecution without standing, and enjoining lawful activity. The Appellate Division necessarily ruled against Appellants on all of these grounds—as a technical matter and in the highly unusual posture of the Appellate Division's decretal—to affirm Supreme Court's judgment on liability. Each of these constitutional grounds is therefore "decisive," even if not expressly discussed, and consequently, "directly involved" within the meaning of CPLR 5601(b)(1).

The Attorney General has effectively, and rightly, conceded this ground. As stated in her Preliminary Appeal Statement, "[i]n the courts below, [Appellants] argued that [the Attorney General's] application of Executive Law § 63(12) to their conduct was unconstitutional as applied." An argument that a law

is unconstitutional as applied constitutes a constitutional issue. *See Bransten v. State*, 30 N.Y.3d 434, 438 (2017) ("Supreme Court . . . granted the plaintiffs' [motion for summary judgment] to the extent of declaring Civil Service Law § 167 (8) and its implementing regulations unconstitutional as applied to members of the judiciary . . . . The State appealed to this Court as of right . . . ."); *Williams v. Beemiller, Inc.*, 33 N.Y.3d 523, 528, (2019) ("Although the Appellate Division credited plaintiffs' argument that jurisdiction could be exercised under CPLR 302, New York's long-arm statute, it nonetheless reversed based on its conclusion that plaintiffs failed to establish the requisite minimum contacts under the Due Process Clause. Plaintiffs appealed to this Court as of right on that substantial constitutional question . . . .").

Specifically, Appellants raised the following constitutional arguments below, which were necessarily denied by the affirmance:[2]

- Selective prosecution, in violation of the Fourteenth Amendment of the U.S. Constitution.[3]

---

[2] *See Henry*, 39 N.Y.3d at 367 (holding that "[t]o demonstrate that a question of law is preserved for this Court's review, a party must show that it raised the specific argument in Supreme Court and asked the court to conduct that analysis in the first instance") (internal quotation marks, alterations and citations omitted).

[3] *See, e.g.*, Index No. 452564/22, NYSCEF Doc. No. 197 (Memorandum of Law in Support of the Motion to Dismiss of Defendants, The Trump Organization, Inc., Trump Organization LLC, and Donald J. Trump) at 14-21.

- Prosecution for alleged falsity alone, in violation of the First Amendment of the U.S. Constitution and Article I, § 8 of the New York Constitution. *See, e.g.*, Appellants' Brief at 53-54.

- Prosecution without standing, in violation of the separation of powers underlying the New York Constitution. *See, e.g.*, Appellants' Brief at 54-56.

- Imposing an injunction against lawful conduct, in violation of the Takings, Commerce, and Due Process Clauses of the U.S. Constitution.[4]

Each of these arguments would have been decisive because, if successful, each would have required reversal on liability and/or the injunction. As Justice Friedman explained, Appellants "further contend that the Attorney General's 'interpretation [of Section 63(12)] raises grave constitutional problems by authorizing [her] to violate the First Amendment through targeted or retaliatory enforcement on the basis of political viewpoint.'" Judgment at 256 (alterations in original). As a result, he reasoned that the Attorney General lacked standing to bring

---

[4] *See, e.g.*, Index No. 452564/22, NYSCEF Doc. No. 1664 (Proposed Conclusions of Law of Defendants Donald J. Trump, Allen Weisselberg, Jeffrey Mcconney, The Donald J. Trump Revocable Trust, The Trump Organization, Inc., Trump Organization LLC, DJT Holdings LLC, DJT Holdings Managing Member, Trump Endeavor 12 LLC, 401 North Wabash Venture LLC, Trump Old Post Office LLC, 40 Wall Street LLC, and Seven Springs LLC) at ¶ 132, and Index No. 452564/22, NYSCEF Doc. No. 1666 (Proposed Conclusions of Law of Defendants Donald Trump, Jr. and Eric Trump) at ¶ 132.

her claims, which would have resulted in reversal on liability in favor of Appellants. See *id.* at 259 ("I believe that we should . . . reverse the judgment, and dismiss the complaint on the ground that the action concerns matters outside the purview of the Attorney General under section 63(12).").

Importantly, these constitutional questions are "substantial" in that, in addition to being independently meritorious, they were actually considered by the Appellate Division. *See, e.g.*, Judgment at 254 ("As I have discussed, the way in which the statute is being used in this case raises grave constitutional concerns under the First Amendment.") (Friedman J.). This case, described as having "a path for appeal to the Court of Appeals" (Renwick P.J. and Moulton J.), raising "extraordinary issues" (Higgitt and Rosado JJ.) and "extraordinary circumstances" (Friedman J.), clearly satisfies the substantiality requirement. Appellants' appeals lie as a matter of right. Judgment at 6, 197, 259.

## THE ATTORNEY GENERAL'S CROSS-APPEAL DOES NOT LIE AS OF RIGHT.

### 1. CPLR 5601(a)

By contrast, the Attorney General does not have a cross-appeal as of right. The Attorney General first, and without basis in fact, purports to appeal as of right under CPLR 5601(a). Based on her Preliminary Appeal Statement, the issue the Attorney General seems to be trying to raise is whether the First Department erred in vacating Supreme Court's disgorgement penalty. But the First Department

-13-