

The New York Times Company

David E. McCraw
Senior Vice President
& Deputy General Counsel

T 212 556 4031
mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

October 20, 2025

The Hon. John Domurad, Clerk
U.S. District Court
Northern District of New York
James T. Foley Courthouse - Suite 509
445 Broadway
Albany, NY 12207

        Re:    <u>Docket for Letitia James Grand Jury Motion Practice</u>

Dear Mr. Domurad:

I write on behalf of The New York Times Company to respectfully request the unsealing of the docket in one of the Court's matters. We understand that the Office of New York Attorney General Letitia James has filed certain motions seeking the quash one or more subpoenas from a federal investigation into the conduct of her office in bringing litigation against Donald J. Trump and the National Rifle Association and possibly other matters. While some of the pleadings, briefs, and orders on the docket may properly be sealed under the rules applicable to grand jury secrecy, others may not. But we are unable to assess what materials may be available and whether the public right of access applies without knowing what has been filed on the docket.

The wholesale sealing of a docket is contrary to law in the Second Circuit. The court has held that "the media and the public possess a qualified First Amendment right to inspect docket sheets[.]" *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004). Key to the court's reasoning was the fact that docket sheets "provide a kind of index to judicial proceedings and documents," so their sealing would frustrate the press and public from accessing these other documents

1

and proceedings. *Id.* at 93; *see also Hooks v. BridgeStreet Glob. Hosp.*, No. 18-cv-5177, 2025 U.S. Dist. LEXIS 145193, at *4 (S.D.N.Y. July 29, 2025) ("The docket sheet is the public record of the existence of this litigation."); *C.R. Corps v. LaSalle*, 741 F. Supp. 3d 112, 172 (S.D.N.Y. 2024) (declaring that a First Amendment right of access attaches to attorney disciplinary hearings and "documents necessary to understand those hearings, including . . . docket sheets"). This is particularly critical when there is a strong public interest in the litigation. *Doe v. Starpoint Cent. Sch. Dist.*, No. 23-cv-207, 2023 U.S. Dist. LEXIS 58309, at *5 (W.D.N.Y. Apr. 3, 2023) (explaining that the public interest in a case counseled in favor of access to docket sheets and other case materials).

It is now known that the Attorney General's office is the subject of a civil rights investigation. *See Justice Dept. Abruptly Escalates Pressure Campaign on a Trump Adversary,* N.Y. Times, Aug. 8, 2025.[1] It may be that some parts of the docket sheet could disclose information that can be properly withheld as confidential, but the appropriate way to deal with that is through redaction, not with blanket withholding. Fundamental to the public's right of access is that the courts are to narrowly tailor any sealing so that the public has maximum possible access to court documents. *Lugosch v. Pyramid Co. of Onondaga County*, 435 F.3d 110, 120 (2d Cir. 2006) ("[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." (internal quotation and citation omitted)).

Accordingly, we respectfully request the public release of any docket resulting from motion practice in the James grand jury investigation.

---

[1] https://www.nytimes.com/2025/08/08/nyregion/letitia-james-subpoena-trump-doj.html

2

Respectfully submitted,

*David McCraw*

David E. McCraw