**CAPEZZA HILL, LLP**
ATTORNEYS AT LAW

Benjamin W. Hill, Esq.
*Partner*

December 1, 2025

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
40 Foley Square
New York, NY 10007

    Re:    *In Re: Grand Jury Subpoenas to the Office of the New York State Attorney General*, No. 1:25-mc-19-LGS

Dear Judge Schofield:

    The Office of the New York State Attorney General ("OAG") respectfully submits this notice of supplemental authority to alert the Court to three recent decisions bearing on the issues raised in OAG's Motion to Quash Grand Jury Subpoenas, which is pending before the Court. We attach the opinions for the Court's convenience.

    First, on December 1, 2025, the U.S. Court of Appeals for the Third Circuit issued a precedential opinion in *United States v. Giraud*, Nos. 25-2635 and 25-2636, affirming a district court's ruling that Alina Habba is unlawfully acting as U.S. Attorney for the District of New Jersey. As OAG argues here, *see* Mot. to Quash 32-33; Reply 25-26, the Third Circuit held that "only the first assistant in place at the time of the vacancy automatically assumes acting status" under the Federal Vacancies Reform Act, *Giraud* Op. 20. In addition, as OAG also argues here, *see* Mot. to Quash 33; Reply 26-27, the court held that the Department of Justice cannot use delegation powers to install a "*de facto* U.S. Attorney indefinitely," thereby "avoid[ing] the gauntlet of presidential appointment and Senate confirmation," *Giraud* Op. 26. The court did not address whether remedies other than disqualification might be appropriate, as that question was "not at issue in [the] appeal." *See Giraud* Op. 12 n.2.

    Second, on November 24, 2025, the U.S. District Court for the Eastern District of Virginia issued orders in *United States v. James*, No. 2:25-cr-122, and *United States v. Comey*, No. 1:25-cr-272, dismissing indictments against New York Attorney General Letitia James and former FBI Director James Comey. In each case, the court held that the Attorney General's appointment of Lindsey Halligan as Interim U.S. Attorney for the Eastern District of Virginia was invalid. *James* Op. 8-17; *Comey* Op. 10-18. In addition, the court held that because Halligan secured the indictments herself, and given the "near-complete control that prosecutors wield over the grand-jury process," the only appropriate remedy was to "set

aside" "all actions flowing from [her] defective appointment." *James* Op. 17-24; *Comey* Op. 19-27. OAG similarly argues that because Mr. Sarcone authorized, obtained, and delivered the subpoenas himself, the only proper remedy is granting the motion to quash. *See* Reply 27-28.

Respectfully submitted,

CAPEZZA HILL, LLP

_____
Benjamin W. Hill (Bar Roll #514953)

OFFICE OF THE NEW YORK STATE
ATTORNEY GENERAL
Kumiki Gibson*
(New York Bar #2261063)
Michael Jaffe*
(New York Bar #5357330)

MUNGER, TOLLES & OLSON LLP
Donald B. Verrilli, Jr. (Bar Roll #105107)
Brad D. Brian*
Hailyn J. Chen*
E. Martin Estrada*
Victoria A. Degtyareva*

*Admitted pro hac vice

*Attorneys for the Office of the New York State Attorney General*